UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY CANTRELL,

    PETITIONER,

VS.

WARDEN, FCC COLEMAN-LOW,

    RESPONDENT.

_____/

Case Number: 5:21-cv-146-PGB-PRL
(to be assign by Clerk's Office)

FILED
Date: 1/18/2022
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

## PRELIMINARY INJUNCTION

NOW COMES, GREGORY CANTRELL, PRO SE, and respectfully ask this Court's for a Preliminary Injuction to require (1) respondents to expedite review and determination of eligibility of his elderly offender relief under the Pilot Program 34 U.S.C. §60541(g), and (2) order the respondents not used nearly 40 years old prior robbery conviction in determination of the petitioner's eligibility of his elderly offender placement under the Pilot Program.

In support aver[s] as follows:

### STATEMENT OF THE LAW

**A. Preliminary Injunction**

The standard for issuing a preliminary injunction requires the parties seeking relief to show (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities is in his favor, and (4) injunctive relief is

in the public interest. See Winter v. Nat.Res.Def.Council, 555 U.S. 7, 20 (2008). Under this standard, "serious question going to the merits and a balance of harships that tips sharply towards the petitioner can support issuance of a preliminary injunction, so long as the petitioner also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." All. for the wild Rockies v. Cottrel, 632 F.3d 1127, 1135 (9th Cir.2011)(internal quotations omitted).

## II. DISCUSSION

The nature of the pilot program countenanced by 34 U.S.C.§60541(g) and its application to Mr.Cantrelle prison sentence. This section specifies a pilot program for, inter alios, "[eligible elder offender[s]" who must meet several qualifications. See Id. §60541(g)(5)(A)(i)-(vii).

Section 60541(g)(5)(A)(i)-(vii), Pilot Program create[s] liberty interest and mandate[d] Dues Process Protection.

Here, the Petitioner's qualifies as eligible elderly offender because he is not less than 60 years of age, he is serving a term of imprisonment that is not life imprisonment based on conviction for an offender or offense that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which he has been sentenced; PS5100.08 prohibit[s] BOP's from relying upon nearly 40 year[s] old prior robbery conviction determined his custody classification, score and dictates the security level of the facility to which he is assigned; he has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in section 16 of Title 18;

and he does not have escaped, or attempted to escape, from a Bureau of Prisons institution, and his home detention under the Pilot Program would be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if release to home detention.

Although, Mr.Cantrell's has been predetermine[d] by Unit Team to qualifies for home confinement under the Pilot Program. He was categorical exclude[d] from participant in the program due to outdate[d] robbery conviction that occurred in 1978. Simply put, Mr.Cantrell has liberty interest under §60541(g) which deserve[s] due process protection. See <u>Rodriguez v. Copenhaver</u>, 823 F.3d 1238, 1242 (9th Cir.2016).

Mr.Cantrell's argued that BOP acted contrary to §60541(g) and Due Process Clause of the United States Constitution when it relie[d] upon a 1978 outdated prior robbery conviction in determined his statutory eligibility eldery offender placement, directing violating the plain language of the status..

Program Statement 5100.08 plain language refer to "current offense" [e.g. in this case is non-violence drug conviction offense] for purposes of classification - security level that is matched with a commensurate security level institution. While 18 U.S.C.§16(a) as recently amended by the First Step Act of 2018 [FSA] , Section 603, plain language refer to "is serving a term of imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in Section 16(a) of title 18, United States Code)". Additionally, Section 401, FSA (2018) plain language now prohibite[d] BOP's from using of any "prior conviction" when a offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

-3-

Program Statement 5100.08 plain language refer to "current offense" [e.g. in this case is non-violence drug conviction-offense] for purpose[s] of classification - security level that is matched with a commensurate security level institution. Additionally, 18 U.S.C. §16(a) as recently amended by FSA, Section 603, plain language refer to "is serving a term of imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16(a) of title 18, United States Code)", and Section 401, FSA (2018) plain language prohibite[d] used of "prior conviction" when offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

Here, Mr.Cantrell's states he is asking the Court to release him or transfer him to home confinement under the Pilot Progarm. see Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2012).

In the instant case, Mr.Cantrell's assert[s] that he is entitled to preliminary injunctive relief on his due process claim. Given that, "his habeas claim is based on Respondents alleged violation of his due process rights and Eighth Amendment rights, citing Wilson v. Ponce, 2020 WL 3053375, at 8. As part of his habeas claim and direct Eighth Amendment claim, Mr.Cantrell seek an order requiring Respondent "to fully utilize their authority to transfer him with viable release plan to home confinement and to evaluate quickly elderly home confinement placement. Mr.Cantrell's also assert[s] an Eighth Amendment claim challenging the conditions of confinement at FCC Coleman and requests declaratory and injunctive relief under Eighth Amendment to order improved conditions, in the form of social distancing, adequate face covering [e.g. K95 or N95 - not cloth face coverring that has been given to all prisoners for passed 9 months], provision of sanitary products and personal protective equipment, seperation of vaccination and

non-vaccination inmates and staff members, improved sanitary practices, adequate testing, contact testing, isolation measures, and adequate CDC's approve[d] face covering such as KN95 or N95.

[1] Likelihood of Success on the Merits:

Mr.Cantrell's assert[s] that he is entitled to preliminary injunctive relief on his due process claim, citing Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2012), and in light of COVID-19 and its continously delta-omicron variants constitute additional punishment that serving his sentence at FCC Coleman created a hardship that tips sharply towards Mr.Cantrell request for a preliminary injunction under the Eighth Amendment because the facility is unable to adequately protect him from contracting COVID-19, and the current COVID-19 pandemic enviormental threats as announced in Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)- a case in which the Supreme Court held that exposure to environmental threats could constitute as Eighth Amendment violation. (Id. 16:15-18:14). See Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir.1974).

The controlling statute in this case, 34 U.S.C. §60541(g), provides that the Attorney General must creat[ed] a Pilot program to release elderly offender, who is not less than 60 years of age, who is serving a term of imprisonment that it not life imprisonment based on conviction for an offender or offense that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section

20911 (5) of this title), offense described in section 2332b (g)(5)(B) of Title 18, or offense under Chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which he has been sentenced. See 34 U.S.C.§60541(g). The circumstances of his eligibility for home confinement under the Pilot program[s] or the existence of the particular barriers to his home confinement are such that there is no significant likelihood of denial elderly offender home confinement status or placement as the BOP's correctly follow[s] its own policy. Subsequently, in order to justified Mr.Cantrell's ineligibility to participate in elderly-offender Pilot program the BOP's erroneously relied upon nearly 40 years prior robbery conviction. Despite[s] facts that, "34 U.S.C.§60541(g) creat[ed] a liberty interest that requires due process protection."

Petitioner has provided good reason to believe there is no significant likelihood of finding him ineligible for home confinement placement under §60541(g) if the BOP's correctly follow[s] its own policy. Thus, Petitioner has met his initial burden under §60541(g), because his habeas claim is based on Respondents' alleged violation of his due process and Eighth Amendment rights. See Wilson v. Williams, 2020 WL 3056217, at *14 (Cole, Dissenting)(The BOP's failure to make use of its home confinement authority at Elkton, "constitutes sufficient evidence for the district court to have found that petitioners were likely to succeed on their Eighth Amendment claim").

[2] Irreparable Harm, Balance of Equities, and the Public Interest:

Here, Petitioner's face risk of irreparable harm to his health in light of COVID-19 and the public interest is served to prevent violation of Petitioner's Due Process and Eighth Amendment rights. See Am.Beverage Ass'n v. City & Cty. of San Francisco, 916 F.3d 749, 758 (9th Cir.2019)("[I]t is always in the public interest to prevent the violation of a party's constitutional rights."); Martinez-Brooks, 2020 WL 2405350, at *28 (noting in granting TRO "aimed at accelerating the process for evaluating inmates [at Danbury Federal Correctional Institution] for home confinement and compassionate release, that "Petitioner interest in avoding serious illness or death must weigh heavily" and "the public interest is best served by ensuring the constitutional rights of persons within the United States are upheld").

Accordingly, this Court's should finds the balance of equities and public interest tip sharply in Petitioner's favor for issuance of an order expediting the process for determining his elderly offender eligibility for home confinement which takes into account his age, current offense and medical conditions in light of COVID-19. Alliance of the Wild Rockies, 632 F.3d at 1131.

In conclusion, the Petitioner's prays that Court's would enter its order requiring the Respondent's to correctly follow its statutory authority under 34 U.S.C.§60541(g), by taken his age, current non-violent offense, he had served more than 2/3 of his applicable and COVID-19 pandemic as deciding factors.

Done on this  13  day of January, 2022.

Respectfully submitted,

Mr. Gregory Cantrell, Reg#61959-019
Federal Correctional Complex-Low
P.O. Box 1031
Coleman, Florida  33521-1031

## AFFIDAVIT

I HEREBY CERTIFY that the above stated matters in the Petition for Preliminary Injunctive are true and correct to the best of my information, knowledge and belief.

_____
PETITIONER

## CERTIFICATE OF SERVICE

I, GREGORY CANTRELL, hereby cerify that I have mailed a copy of the Petition for Preliminary Injunctive to the United States Attorney's Office by depositing the same into Institution Legal Mail Box via First Class postage prepaid on this <u>13th</u> Day of January, 2022.

        **AUSA Lauren T. Macon**
        Federal Correctional Complex
        P.O.Box 1029
        Coleman, Florida
        33521-1029

Respectfully submitted,

_____
Mr. Gregory Cantrell