UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY CANTRELL,

          Petitioner,

v.                                    Case No: 5:21-cv-146-PGB-PRL

WARDEN, FCC COLEMAN-LOW,

          Respondent.
_____/

### ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed under 28 U.S.C. § 2241. Petitioner also filed a supplemental statutory challenge claim (Doc. 19). Respondents filed a Response In Opposition to Petition for Writ of Habeas Corpus ("Response," Doc. 8) and a Motion to Dismiss Statutory Challenge Claim ("Supplemental Response," Doc. 25). Petitioner filed a Reply (Doc. 9) to the Response.[1] For the following reasons, the Court concludes that Petitioner is not entitled to relief on his claims.

### I.    Procedural Background

A jury sitting in the Northern District of Georgia, Atlanta Division found Petitioner guilty of three counts of possession with intent to distribute heroin.

---

[1] Petitioner was provided an opportunity to file a reply to the Supplemental Response, but he failed to do so.

(Doc. 16-1 at 1). Petitioner was sentenced to imprisonment for a total term of 180 months. (Doc. 16-2 at 2). The Eleventh Circuit Court of Appeals affirmed. (Doc. 16-4).

Petitioner later filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was denied. (Doc. Nos. 16-6, 16-7, 16-8). Petitioner next filed a motion for compassionate release under 18 U.S.C. § 3582, raising concerns about COVID-19 and his various medical conditions. (Doc. 16-10). The motion was denied because Petitioner had established no extraordinary and compelling reason for compassionate release nor how the 18 U.S.C. § 3553(a) factors weighed in his favor. (Doc. 16-14). Petitioner states that his projected release date is January 4, 2023, although there is no indication that Petitioner has been released as of the date hereof. (Doc. 27 at 2).

## II.   ANALYSIS

Petitioner seeks his release from the custody of the Bureau of Prisons ("BOP") to home confinement as an "eligible elderly offender." (Doc. 1 at 5-6). Initially, Petitioner contends that he exhausted his administrative remedies and now qualifies for early release as an eligible elderly offender under the First Step Act's amendments to the Second Chance Act of 2007. (*Id.* at 1-2). Specifically, Petitioner states he is over sixty years old, that he has served over 75 percent of his

2

sentence, and that the Court should enter an order compelling the BOP to release him to home confinement. (*Id*. at 3). Petitioner admits to being "classified by BOP with a serious history of violence," but he contends that the BOP's reliance on his history of violence is contrary to the intent of the applicable statutes. (*Id*. at 3-4). In the supplemental claim, Petitioner argues that the BOP has implemented a policy that deprives him of applying program-based time credits to his prison sentence, as provided for under the First Step Act of 2018 ("FSA").[2]

While exhaustion is not a jurisdictional prerequisite for those seeking relief under § 2241, a petitioner still must exhaust administrative remedies before seeking habeas corpus relief. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). "For a federal prisoner to properly exhaust his administrative remedies, he must follow the procedures set forth in 28 C.F.R. §§ 542.10-542.19." *Castro v. Dobbs*, No. 19-80477-CV, 2020 WL 6809128, at *2 (S.D. Fla. May 21, 2020).

---

[2] The FSA permits federal prisoners, except those convicted of certain enumerated offenses or with a deportation order, to earn additional time credits for successfully completing evidence-based recidivism reduction programming or productive activities. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018); 18 U.S.C. §§ 3631–3635. Specifically, the FSA authorizes prisoners to earn up to 15 days of earned-time credits for "every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4). To implement the program, the BOP was required to develop a risk and needs assessment system, conduct an initial intake risk and needs assessment for each prisoner, and assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination. 18 U.S.C. § 3632(a).

The first stage generally "requires the resolution of issues through informal grievances to the institution Warden or staff. *See* 28 C.F.R. § 542.13(a)-(b)." *Id*. If unsuccessful at the first stage, a formal written appeal must be filed with the Regional Director. *Id*; *see also* 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, "the final step in pursuing administrative remedies is to submit an appeal . . . to the Central Office Appeal, Office of the General Counsel . . ." *Id.*; *see also* 28 C.F.R. § 542.15(a). Moreover, "[a]dministrative remedies are not exhausted until the claim has been presented at all levels and has been denied at all levels." *Id.*; *see also* 28 C.F.R. §§ 542.10, 542.15(a). Further, the "absence of a response by the agency, within the time allotted by regulation, may be considered a denial at that level." *Id.*; *see also* 28 C.F.R. § 542.17.

Petitioner acknowledges that he has not exhausted his administrative remedies because "exhaustion would be futile." (Doc. 19 at 2). Moreover, the Government included a Declaration from Jeanie Register, who is employed as a Legal Assistant by the Federal Bureau of Prisons, indicating that Petitioner "has not filed any administrative remedies regarding his request for a Reduction in Sentence and/or Compassionate Release . . . ." (Doc. 8-1 at 3).

That Petitioner is challenging the "validity" of BOP policy does not excuse the exhaustion requirement. Although Petitioner argues that exhaustion would be

4

futile, the Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *See McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012). Petitioner has failed to present a valid reason for failing to exhaust his claims. There is a procedure in place with the BOP to exhaust administrative remedies, and Petitioner has failed to do so. The Petition will be denied for failure to exhaust administrative remedies.

### V.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk of the Court is directed to close this case.

4. Petitioner's Moton for Default Judgment (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2023.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party